**Patty TUCKER and Ellsworth Pendleton, Petitioners**

**v.**

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2006.

Decided Feb. 20, 2007.

Ellsworth Pendleton, petitioner, pro se.

Elizabeth Lion Januzzi, Asst. Counsel and Frank B. Wilmarth, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Patty Tucker and Ellsworth Pendleton (Petitioners) petition for review of the July 20, 2006, order of the Pennsylvania Public Utility Commission (PUC), which adopted the January 26, 2006, decision of the Administrative Law Judge (ALJ) and denied Petitioners' exceptions to that decision. We affirm.

Petitioners, who are husband and wife, have received water utility services from Pennsylvania American Water Company (PAWC) since November 7, 2001, at 399 Oak Street, Apartment 26C, Mt. Pocono, Pennsylvania. Instead of paying their water bill by personal check or money order,

---

Petitioners submitted to PAWC what they purport to be Uniform Commercial Code (UCC) negotiable instruments. (ALJ's Findings of Fact, Nos. 1, 3.)

On May 3, 2005, Petitioners filed a formal complaint against PAWC with the PUC, seeking an order directing PAWC to accept Petitioners' negotiable instruments in payment of their water bill.[1] On June 21, 2005, PAWC filed an answer, alleging that Petitioners' negotiable instruments did not constitute proper payment. In new matter, PAWC alleged that: (1) PAWC had entered into two prior payment agreements with Petitioners; however, Petitioners have not honored the agreements; and (2) the Bureau of Consumer Services (BCS) had rendered two decisions in the matter, but Petitioners have not honored those decisions. (ALJ's decision at 1–2.)

On September 15, 2005, a hearing was held before the ALJ. After considering the evidence presented at the hearing and the arguments of the parties, the ALJ concluded that: (1) negotiable instruments do not constitute reasonable payment of a water bill under 52 Pa.Code § 56.94;[2] and (2) the PUC lacks jurisdiction to determine issues relating to negotiable instruments under the UCC. The ALJ stated:

Paying[] means paying in real money, not something that purports that it can be real money if you figure out a way to turn it into money. Here, [Petitioners] want [PAWC] to become a collection service and collect a debt purportedly owed them. [PAWC] is not a collection service and is not obligated to become one. . . . If every customer chose to pay their bills in debts owed them and expected the utility companies to act as collection services[,] the utility companies could not focus their energies on providing quality service. When utilities cannot collect their approved tariff fees[,] they are . . . paid for unwittingly[] by other responsibly paying customers. That is neither the desired result[] nor a fair one.

(ALJ's decision at 6.) Petitioners filed exceptions with the PUC, which adopted the ALJ's decision and denied the exceptions. Petitioners now petition this court for review.[3]

Petitioners present the following issues: (1) whether the PUC violated the Fourteenth Amendment by denying Petitioners the equal protection of the UCC; (2) whether the PUC violated Article I, Sections 25 and 26 of the Pennsylvania Constitution by denying Petitioners the pursuit of happiness and the right to defend life and liberty via the UCC; (3) whether Petitioners have a right to assign a debt owed

1. Section 701 of the Public Utility Code provides that any person "may complain in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation, of any law which the [PUC] has jurisdiction to administer, or of any regulation or order of the [PUC]." 66 Pa.C.S. § 701.

2. Subsection (1) of this regulation prohibits the termination of a utility service where "payment in full is tendered in any reasonable manner." 52 Pa.Code § 56.94(1). Subsection (2) states: "Methods of payment. Payment in any reasonable manner includes pay-ment by personal check unless the ratepayer within the past year has tendered a check which has been returned for insufficient funds or for which payment has been stopped." 52 Pa.Code § 56.94(2).

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

380 ■

them to PAWC pursuant to section 9406 of the UCC; [4] and (4) whether the PUC violated Article VI, Section 2 of the United States Constitution, the Supremacy Clause, by failing to consider the UCC. (*See* Petitioners' brief at 4, 7.)

Together, these issues challenge the PUC's conclusion that it lacks jurisdiction to determine matters relating to negotiable instruments under the UCC. However, section 701 of the Public Utility Code requires that complaints filed with the PUC against a public utility set forth a violation of a law which the PUC has "jurisdiction to administer." 66 Pa.C.S. § 701. The PUC has no jurisdiction to administer the UCC. Thus, the PUC lacks jurisdiction over the complaint in this case to the extent that the complaint would require the PUC to determine whether PAWC violated the UCC by refusing a negotiable instrument in payment of Petitioners' water bill.

The PUC does have jurisdiction over complaints alleging that a public utility violated a PUC regulation. 66 Pa.C.S. § 701. However, Petitioners fail to challenge the PUC's conclusion that negotiable instruments do not constitute reasonable payment of a water bill under 52 Pa.Code § 56.94.

Accordingly, we affirm.

### ORDER

AND NOW, this 20th day of February, 2007, the order of the Pennsylvania Public Utility Commission, dated July 20, 2006, is hereby affirmed.

**4.** 13 Pa.C.S. § 9406. Section 9406(a) of the UCC provides:

[A]n account debtor on an account . . . may discharge its obligation by paying the assignor until . . . the account debtor receives a notification . . . that the amount due . . . has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

13 Pa.C.S. § 9406(a).